# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHN A. GREENHAW**
**United States Army, Appellant**

ARMY 20140743

Headquarters, 7th Infantry Division
Samuel A. Schubert, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain J. David Hammond, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

4 February 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

WOLFE, Judge:

A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of two specifications of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 [hereinafter UCMJ].[1]  The military judge sentenced appellant to be discharged from the service with a bad-conduct discharge, to 90 days of hard labor without confinement, and to be reduced to the grade of E-1.  The convening authority approved the sentence as adjudged and ordered that appellant be credited with 15 days of pretrial confinement credit.

Appellant's case is now before this court pursuant to Article 66, UCMJ. Appellant raises one assignment of error; it warrants discussion but not relief.

After the completion of the court-martial, a noncommissioned officer paralegal with the Office of the Staff Judge Advocate sent an email to appellant's company commander explaining the limits of the sentence to hard labor.  Included in the email, along with descriptions of the types of hard labor that could be performed,

---

[1] Appellant deserted his unit from 21 December 2006 to 21 March 2007 and from 4 April 2007 to 21 May 2014.

the company commander was informed that the sentence could not be executed until after approval of that sentence by the convening authority.

Appellant complains that the company commander ordered the sentence executed prior to approval by the convening authority and that appellant had completed the hard labor by the time the convening authority approved the sentence.

In support of his claim, appellant calls our attention to a written memorandum from the company commander to the convening authority. In the memorandum, the company commander admits that he ordered the hard labor executed because he had misunderstood when the sentence could begin and that appellant *had requested* "to complete his sentence as soon as possible . . . ." Appellant's hard labor consisted of light duty performed after duty hours.

After being served with the Staff Judge Advocate Recommendation (SJAR) recommending approval of the adjudged sentence, appellant submitted matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105. Appellant specifically requested as a matter of clemency that the bad-conduct discharge be disapproved. Appellant did not assert—as a matter in clemency or as legal error— that the hard labor had been improperly executed prior to its approval by the convening authority.

In an addendum to the SJAR, dated 12 February 2015, the staff judge advocate (SJA) advised the convening authority that the hard labor had already been executed. Upon receipt of the addendum to the SJAR one week later on 19 February 2015, appellant submitted supplemental matters claiming error in the premature commencement of the hard labor and requesting that the convening authority approve appellant's request for discharge in lieu of the court-martial findings submitted pursuant to Army Reg. 635-200, Personnel Separations: Active Duty Enlisted Administrative Separations, ch. 10 (6 Jun. 2005) (Rapid Action Revision, 6 Sept. 2011), commonly known as a "Chapter 10" request. On 10 March 2015, the convening authority disapproved the Chapter 10 request and approved the findings and sentence as adjudged.

On appeal, appellant claims that when the SJA informed the convening authority that appellant's hard labor had already been performed, this constituted "new matter" to which appellant was entitled to respond. R.C.M. 1107. Appellant claims that the record is unclear whether the convening authority reviewed his supplemental matters. We find this argument unpersuasive for two reasons.

First, we do not find that the addendum contained "new matter." *See* R.C.M. 1107(b)(3)(B)(iii) ("However, if the convening authority considers matters adverse to the accused from outside the record, *with knowledge of which the accused is not chargeable*, the accused shall be notified and given an opportunity to rebut.") (emphasis added). The purpose of allowing appellant to respond to "new matter" is not so that appellant can agree with the matter in the addendum, but to allow

appellant to "deny, counter, or explain" the new matter. *United States v. Leal,* 44 M.J. 235, 237 (C.A.A.F. 1996). Here, the so-called "new matter" in question were facts of which appellant was clearly well aware. Appellant was not only aware that he was performing hard labor prior to action, but had specifically requested that result.

Second, the record makes clear that the convening authority did consider appellant's supplemental R.C.M. 1105 matters before taking action. Included as an attachment to his supplemental matters was a request for an administrative (Chapter 10) discharge. The convening authority disapproved the request for an administrative discharge contemporaneously with taking action on the case. The convening authority could not have considered appellant's request for an administrative discharge without considering appellant's supplemental matters.

Appellant requests that we return this case to the convening authority for a new action. As we find no error in the post-trial review and action, we decline to provide this relief.

Setting aside the assigned error in the post-trial processing of appellant's case, we believe it wise to also consider whether the premature execution of appellant's sentence to hard labor should be considered illegal punishment in violation of Article 57(c) and Article 71(c)(2), UCMJ.

While it was certainly error for appellant's hard labor to begin prior to its approval, we do not find any prejudice. This is not the case of a commander taking the law into his own hands. Appellant's commander and first sergeant both testified[2] for appellant during the sentencing portion of his trial that he "is a reliable Soldier, hard worker, [and] a good leader." Both offered their opinion that they "would want him to continue to serve in their company despite his desertion" and argued for retention to the brigade commander. Additionally, the record in this case demonstrates that appellant requested to begin his sentence of hard labor "as soon as possible."

The findings of guilty and sentence are AFFIRMED.

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

---

[2] Both witnesses were in the field and their testimony was presented through a stipulation of expected testimony.